UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BEKZOD MAMATKULOV,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1230

Honorable Paul L. Maloney

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

**I.      Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.20–21.)

In an order entered on April 17, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on April 22, 2026, (ECF No. 4), and Petitioner filed his reply on April 24, 2026, (ECF No. 5).

## II.    Relevant Factual Background

Petitioner is a native of Russia and a citizen of Uzbekistan. (Notice to Appear (NTA), ECF No. 4-1, PageID.67.) Petitioner entered the United States in January 2023 without inspection. (*Id.*) After Petitioner entered the United States, Department of Homeland Security (DHS) agents encountered Petitioner, and on January 25, 2023, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (*Id.*) DHS then released Petitioner into the United States on his own recognizance in accordance with section 236 of the INA, which is codified at 8 U.S.C. § 1226. (*See* 2025 Form I-213, ECF No. 5-3, PageID.75.) Thereafter, Petitioner filed an asylum application. (*See id.*)

On November 30, 2025, ICE arrested Petitioner at a scheduled ICE check-in appointment. (*See id.*) On January 2, 2026, the Detroit Immigration Court held a custody redetermination hearing pursuant to § 1226, and at the conclusion of the hearing, the Immigration Judge denied Petitioner's request for bond, concluding that Petitioner was a flight risk. (Jan. 2, 2026, Order Immigration Judge, ECF No. 4-5.) On April 2, 2026, the Detroit Immigration Court held a second custody redetermination hearing pursuant to § 1226, and the Immigration Judge denied bond, stating: "Bond was previously determined. No material change in circumstances." (Apr. 2, 2026, Order Immigration Judge, ECF No. 4-6.)

Thereafter, on April 8, 2026, the Detroit Immigration Court denied Petitioner's asylum application, denied withholding of removal, and ordered that Petitioner be removed to Uzbekistan. (Apr. 8, 2026, Order Immigration Judge, ECF No. 4-7.) Petitioner then appealed his removal order

to the Board of Immigration Appeals, and his appeal remains pending. (*See* Filing Receipt, ECF No. 4-8.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Analysis

In Petitioner's § 2241 petition, he contends that Respondents are subjecting him to mandatory detention under § 1225, and he seeks relief on this basis. (*See generally* Pet., ECF No. 1.)

Noncitizens "who are held in custody under 8 U.S.C. § 1226(a), while their petitions for review of their removal orders are pending, are entitled to a bond hearing before an immigration judge," *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted). Here, prior to initiating this action, Petitioner had a bond hearing pursuant to § 1226 in the Detroit Immigration Court, and the Immigration Judge issued a written decision denying Petitioner's request for bond on January 2, 2026, (Jan. 2, 2026, Order Immigration Judge, ECF No. 4-5), and on April 2, 2026, the Detroit Immigration Court held a second custody redetermination hearing pursuant to § 1226, and the Immigration Judge denied bond, stating: "Bond was previously determined. No material change in circumstances." (Apr. 2, 2026, Order Immigration Judge, ECF No. 4-6.)

3

Although in the present § 2241 petition, Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not raise any constitutional claims regarding the prior bond hearings. (*See generally* Pet., ECF No. 1.) Indeed, Petitioner's § 2241 petition and reply do not mention either bond hearing. (*See id.*; Reply, ECF No. 5.) Instead, Petitioner argues that Respondents are subjecting him to mandatory detention under § 1225. However, because Respondents provided Petitioner with a bond hearing pursuant to § 1226, and Petitioner does not raise any claims regarding the bond hearings in the present action, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.[1]

### **Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:    April 28, 2026                              /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge

---

[1] Petitioner is free to challenge the constitutionality of the bond hearing itself; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the bond hearing, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.